## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN HANN, | : | No. 1:11-cv-2401 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| RELIANCE STANDARD LIFE | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

## November 15, 2012

Presently pending before the Court are the cross-motions for summary judgment of Plaintiff Martin Hann ("Plaintiff") (doc. 16) and Defendant Reliance Standard Life Insurance Company ("Reliance") (doc. 13). The Motions have been fully briefed and are thus ripe for our review. For the reasons fully articulated herein, the Court will grant Reliance's Motion and deny the Plaintiff's Motion.

## I.    PROCEDURAL HISTORY

As the parties are aware, this matter was previously before the Court, *see Hann v. Reliance Standard Life Insurance Company ("Hann I")*, No. 1:09-CV-2496, in substantially similar form. In his Complaint in *Hann I*, Plaintiff averred that Reliance, with whom he had a long term disability ("LTD") insurance policy, had deducted from his LTD payments his monthly Social Security Disability

Income ("SSDI") and an estimated SSDI dependent award. In his Complaint in *Hann 1*, Plaintiff contended that N.H., the child for whom Reliance had deducted SSDI dependent benefits, was not his natural child nor his dependent and that Reliance's deduction of the estimated SSDI dependent award was thus contrary to the evidence and inconsistent with the terms of the policy.

Thereafter, both parties filed Motions for Summary Judgment. The Court referred the Motions to Magistrate Judge Malachy E. Mannion for a report and recommendation ("R&R"). Judge Mannion issued an R&R recommending that the Court remand the case to Reliance for further investigation and review of the Plaintiff's claims consistent with the dictates of the R&R (doc. 32), and this Court issued an Order (doc. 34) adopting the R&R and remanding the action to Reliance for further investigation and reconsideration on April 8, 2011. Thereafter, on December 30, 2011, Plaintiff commenced the above-captioned action, which for all intents and purposes is a reiteration and continuation of *Hann 1*.

## II.  STATEMENT OF FACTS

The parties are intimately familiar with the factual predicate of this case, previously discussed at length in *Hann 1*, and we summarize only the most pertinent, and largely undisputed, background here. Plaintiff Martin Hann ("Plaintiff") was previously employed as an information technology specialist at

ProSoft, a technical services company located in Mechanicsburg, Pennsylvania. Plaintiff was covered by a long-term disability ("LTD") policy purchased by ProSoft and issued by Defendant Reliance Standard Life Insurance Company ("Reliance"). Plaintiff suffers from severe Multiple Sclerosis which has rendered him totally disabled. He began receiving benefit checks from Reliance on December 16, 2007. Thereafter, on December 1, 2008, Reliance advised Plaintiff that they were recalculating his benefit amount by taking into consideration his Social Security Disability Insurance ("SSDI") benefits which began that year and an estimated SSDI dependent award. Reliance offset his LTD benefit by his SSDI benefit in the amount of $1,783 and his estimated SSDI benefit for a dependent child in the amount of $891. His total benefit payable by Reliance accordingly resulted in a negative number, and he was entitled only to the minimum monthly benefit of $100.

Plaintiff appealed Reliance's recalculation on March 3, 2009. In support of his appeal, he explained that N.H., the child for whom benefits were deducted, was neither his natural child nor his dependent. He submitted an affidavit certifying that while the decree of divorce signed by he and his former wife identified N.H. as a child of the marriage, he had actually undergone a vasectomy prior to the marriage rendering him unable to father a child. In further support, Plaintiff submitted tax

returns establishing that he had never claimed N.H. as a dependent. Reliance denied the appeal because they were not persuaded that N.H. was not Hann's dependent. Reliance relied, in large part, on forms submitted by Plaintiff to Reliance identifying N.H. as his minor child and Plaintiff's divorce decree which identified N.H. as a child of his marriage. Plaintiff thereafter filed his Complaint in *Hann I*, asserting that Reliance had wrongfully calculated his benefits and seeking relief pursuant to 29 U.S.C. §§ 1132(a)(1)(d) and 1132(a)(3).

Thereafter, both parties filed Motions for Summary Judgment. As above noted, the Court referred the Motions to Magistrate Judge Mannion, who issued an R&R recommending that the Court remand the case to Defendant Reliance for further investigation and compliance with the statutory and regulatory framework of the Social Security Act as outlined in the comprehensive R&R. We agreed with Judge Mannion's analysis and ultimate recommendation and remanded the case to Reliance, noting that Plaintiff's affidavits and tax returns should "at the very least, prompt further investigation into whether the child is a dependent for the purposes of Social Security benefits" and ordering Reliance to "conduct the proper inquiry as to the minor's status as a child of Hann and as a dependent or otherwise." *Hann I,* No. 1:09-CV-2496, Doc. 34, p. 11.

On May 27, 2011 sent a second denial letter to Plaintiff, this time including

discussion of the Social Security Act and applicable regulations and analyzing the

Plaintiff's claims under Pennsylvania law, as directed by the regulations. Reliance

again concluded that N.H. was both Plaintiff's child and his dependent. Plaintiff

filed his Complaint (doc. 1) again challenging Reliance's determination on

December 30, 2011. Reliance answered the Complaint on May 15, 2012 and

included a counterclaim, asserting that it had a contractual right to repayment for

the period of time in which Plaintiff received both LTD benefits and SSDI benefits.

(Doc. 7). Reliance filed an Amended Answer and Counterclaim on May 9, 2012.

(Doc. 12). The parties thereafter filed cross motions for summary judgment (docs.

13, 16) on all claims. These motions have been fully briefed (docs. 14, 18, 21, 23,

24) and are ripe for our review.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the

burden of demonstrating the absence of a genuine issue of material fact. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by

pointing to an absence of evidence supporting an essential element as to which the

non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the

moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement

about the facts or the proper inferences that a fact finder could draw therefrom.

*Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982).  Still, "the

mere existence of *some* alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment; there must be a

*genuine* issue of *material* fact to preclude summary judgment."  *Anderson*, 477

U.S. at 247-48.

## IV.    DISCUSSION

The pending Motions present two primary issues. First, relating to the sole

count of Plaintiff's Complaint, Plaintiff asserts that Reliance wrongfully reduced

his LTD monthly payment by deducting an estimated SSDI dependent award for

N.H., whom Reliance concluded was Plaintiff's natural child and dependent.

Second, regarding Reliance's counterclaim, Plaintiff asserts that Reliance has

miscalculated the amount due to it as a result of overpayments to the Plaintiff.   We

address each of these arguments in turn.

### A.    Dependency Determination

In his Complaint (doc. 1), Plaintiff asserts that Reliance has improperly

deducted from his monthly LTD payments amounts payable to his purported

dependent child, N.H., as permitted by the terms of his LTD policy.[1] Plaintiff

asserts that Reliance ignored undisputed record evidence supporting his contention

that N.H. is neither his child nor his dependent, despite this Court's prior remand

of the case to Reliance for a full investigation and determination regarding N.H.'s

purported dependency. Reliance responds that it was not obligated to review

additional evidence and properly concluded that N.H. was Plaintiff's dependent

under terms of the LTD policy.

As previously, we consider Reliance's decision under an arbitrary and

capricious standard of review. *Girtzer v. CBS, Inc.*, 275 F.3d 291, 295 (3d Cir.

2002); *see also Ford v. Unum Life Ins. Co. of Am.*, 351 Fed. Appx. 703, 707 (3d

Cir. 2009) (nonprecedential opinion) (citing *Abnathya v. Hoffman LaRoche, Inc.*, 2

F.3d 40 (3d Cir. 1993)). Under the arbitrary and capricious standard, a court may

overturn a plan administrator's decision only in the limited circumstance where it

is "without reason, unsupported by the evidence or erroneous as a matter of law."

*Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 844 (3d Cir. 2011) (quoting *Abnathya v.

Hoffman-La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993)). A reviewing court "may

---

[1] The parties do not dispute that under the terms of Plaintiff's LTD policy, Reliance may deduct from the monthly benefit payable to the Plaintiff any SSDI benefits for which Plaintiff himself is eligible or for which his dependents are eligible. (Doc. 14-1, p. 9.0). As will be discussed *infra*, it is Reliance's finding that N.H. is Plaintiff's dependent, a condition precedent to the permitted deduction, which is at issue.

not substitute its own judgment for that of plan administrators" and may overturn a decision only if it is clearly unsupported by record evidence. *Stratton v. E.I. DuPont de Nemours & Co.*, 363 F.3d 250, 256 (3d Cir. 2004).

In *Hann I*, we concluded that the word "dependent" as used in the policy is unambiguous because the policy clearly incorporates the definition of that term as contained in the Social Security Act. *Hann I*, No. 1:09-CV-2496, Doc. 34, p. 15. Thus, we held, the Social Security Act and its accompanying regulations must be applied to determine whether N.H. is the dependent child of the Plaintiff. *Id.* pp. 15-20. Under these regulations, we are presented with a two-prong inquiry: first, whether N.H. is "the insured person's child, based upon a relationship described in §§ 404.355 through 404.359" and, second, whether N.H. is "dependent on the insured, as defined in §§ 404.360 through 404.365." 20 C.F.R. § 404.350. In *Hann I*, we concluded that Reliance had improperly conflated these two inquiries and failed to appropriately apply this statutory framework. *Hann I*, Doc. 32, pp. 21-22.

### 1. Is N.H. the Plaintiff's Child?

Reliance relies upon § 404.355, which provides the Social Security Act's definition of "natural child," in conjunction with Pennsylvania substantive law as

support for its contention that N.H. is Plaintiff's child.[2] Under the Act, the "natural child" test is satisfied if the child can "inherit the insured's personal property as his or her natural child under State inheritance laws." *Id.* Under Pennsylvania law, N.H. could inherit from the Plaintiff if N.H. is found to be the Plaintiff's child. Reliance contends that Pennsylvania law, specifically the doctrine of paternity by estoppel, supports its determination that N.H. is Plaintiff's child. Plaintiff asserts that this doctrine is inapplicable here or, in any event, weighs in his favor if it is to be applied. We briefly review the relevant Pennsylvania case law with respect to this doctrine.

The common law doctrine of paternity by estoppel "embodies a legal determination that one may be deemed a parent based on his holding himself out as such" and disallows the presumptive parent "in these situations to challenge the status which he or she has previously accepted." *K.E.M. v. P.C.S.*, 38 A.3d 798, 801 (Pa. 2012). As both of the parties note, in cases such as this where there is no longer an intact marriage, the "paternity by estoppel cases [as compared to cases applying the presumption of paternity] more directly address the circumstances in which a functional parent may be treated as the legal father without a biological

---

[2] The other sections of the Social Security Act identified in § 404.350 and defining the recognized parent-child relationships are inapplicable here. *See* § 404.356 (adopted child); § 404.357 (stepchild); § 404.358 (grandchild or stepgrandchild); § 404.359 (equitably adopted child).

tie." *Id.* at 807. Recently, the Pennsylvania Supreme Court inserted a further consideration into the estoppel analysis, holding that "the determination of paternity by estoppel should be better informed according to the actual best interests of the child, rather than by rote pronouncements grounded merely on the longevity of abstractly portrayed (and perhaps largely ostensible) parental relationships." *Id.* Thus, in addition to analyzing the Plaintiff's relationship with N.H., we must query whether a finding that Plaintiff is N.H.'s father is in N.H.'s best interests.

On the record before us, it is undisputed that Plaintiff treated N.H. as a child of the marriage for the duration of the marriage and accepted N.H. formally as his child by signing a divorce decree which identified N.H. as a child of the marriage, despite his allegation that he had a vasectomy prior to the marriage and long harbored doubts about the child's paternity. (Doc. 15, ¶ 7). The parties likewise do not contest that the Plaintiff continues to have visitation rights with N.H. under the divorce decree. (*Id.*). The Plaintiff admits that he has paid and continues to pay child support for N.H. (Doc. 17, ¶¶ 8-9). Further, and importantly, the Plaintiff identified N.H. as his child on two separate forms submitted to Reliance in connection with his claim for disability benefits as recently as February of 2008, one of which was a Social Security Questionnaire which stated that its purpose was

to investigate potential deductions from Plaintiff's monthly LTD payments. (Doc. 15, ¶¶ 11-12). Thus, the record evidence quite weightily supports Reliance's determination that Plaintiff is N.H.'s parent "based on his holding himself out as such." *K.E.M.*, 38 A.3d at 801.

Lastly, we note that the best interests of the child inquiry is, for all practical purposes here, a wash. The relief that we are asked to grant, as admitted by both parties, has for all practical purposes no impact on N.H. Indeed, N.H. has since reached the age of majority, and even if our opinion were to tangentially support a finding by the Social Security Administration that N.H. should receive SSDI dependent benefits through the Plaintiff, N.H.'s eligibility has now expired and this inquiry is largely moot.[3]

On the record before Reliance and now before this Court, we conclude that it was not unreasonable for Reliance to conclude that N.H. is the Plaintiff's child. Plaintiff has expressly identified N.H. as his child in writing on at least three separate occasions, once in a legal document formalizing his divorce and establishing support obligations. He has made and continues to make child support payments on N.H.'s behalf. Indeed, the Plaintiff has held N.H. out as his child

---

[3] Plaintiff's only argument with respect to this factor turn on his own financial interests, contending that it is in his best interests for the Court to decline to apply the doctrine of paternity by estoppel. We decline to address this argument as it is erroneously focused on the interests of the purported parent, not the child.

continuously since N.H. was born and has done so for nearly two decades *despite* his purported doubts regarding N.H.'s biological parentage. Plaintiff cannot now disclaim N.H. as his child for the sole purpose of avoiding an estimated SSDI dependent deduction from his LTD benefit payments.

As noted above, we may only overturn a plan administrator's decision if the same is arbitrary, capricious, and entirely unsupported by the evidence. *Stratton*, 363 F.3d at 256 (court may only overturn decision if "it is clearly not supported by the evidence in the record"). On the record before this Court, and finding support in the doctrine of paternity by estoppel, we conclude that Reliance's determination that N.H. is Plaintiff's natural child was neither arbitrary or capricious and thus decline to overturn Reliance's decision.

## 2. Is N.H. Dependent on the Plaintiff?

We next query whether N.H. is a dependent of the Plaintiff entitled to SSDI dependent benefits. *See* 20 C.F.R. § 404.350. It is Reliance's position that once a child is determined to be the natural child of an insured, that child is automatically deemed a dependent of the insured. Plaintiff argues that even if this interpretation of the Social Security Act is correct, the so-called "deemed dependent" portions of the Act should not be applied when defining "dependent" as used in his LTD policy.

Turning first to Plaintiff's argument that the "deemed dependent" provisions of the regulations, specifically §§ 404.350 through 404.365, are not applicable here, we remind Plaintiff that we have previously concluded, at the Plaintiff's urging, that the Social Security Act, including these referenced regulations, are to be applied in interpreting the LTD policy. *See Hann I*, Doc. 32, pp. 15-20. In an interesting turn, the Plaintiff has now changed course and contends that these provisions are inapplicable. Such a piecemeal and ad hoc application of the regulations is without support in law or logic, and we decline to entertain this argument any further, having previously and expressly found in *Hann I*, after extensive discussion, that these regulations are indeed to be applied in interpreting the LTD policy in this case.

Accordingly, consistent with our decision in *Hann I*, we turn to the regulations to determine whether N.H. is Plaintiff's dependent and thus eligible for SSDI dependent benefits. Pursuant to § 404.361, when a person is deemed an insured's natural child, that person is "considered dependent upon him or her," unless certain exceptions, none applicable here, are met. Having above found support for Reliance's determination that N.H. is Plaintiff's natural child, we further conclude, consistent with the express language of § 404.361, that N.H. is the Plaintiff's dependent and thus eligible for SSDI dependency benefits. We will

14

thus grant Reliance's Motion to the extent it seeks a determination that its denial of Plaintiff's appeal was not in error.

## B.     Estimation of Benefits

Plaintiff next contends that Reliance erred in estimating N.H.'s SSDI dependency benefit. The LTD policy permits the amount of such benefits to be estimated in the following circumstances: where benefits have not been applied for, where benefits have not been awarded, and where benefits have been denied and the denial is being appealed. (Doc. 14-1, p. 18). Plaintiff asserts that "[n]one of the above contractually required predicate circumstances have been demonstrated to have occurred in this case." (Doc. 18, p. 17). Reliance responds that it was reasonable to estimate benefits where Plaintiff has failed to present any evidence to the Court regarding benefits applied for or awarded to his dependent. Again, we review Reliance's determinations under an arbitrary and capricious standard. *Stratton*, 363 F.3d at 256.

There was no evidence before Reliance, and there is none before this Court, that N.H. ever applied for or received SSDI dependency benefits. As Reliance points out, this is information that it cannot have access to and must rely on its insureds to provide. The fact remains that at this summary judgment stage, the record is entirely devoid of actual evidence regarding whether N.H. ever applied

for SSDI dependent benefits or the amount of the award, if any, received. As the challenge to the estimated amount is part of Plaintiff's Complaint, it is his burden to provide evidence demonstrating that Reliance's estimation is contrary to the evidence. *See id.* Under these circumstances, given the dearth of evidence as to N.H.'s SSDI benefits status, it was reasonable for Reliance to conclude that N.H. had never applied for benefits and that it was permitted, by the language of the policy, to estimate N.H.'s benefits. Plaintiff has thus failed to establish that Reliance's estimation of N.H.'s dependency benefit was arbitrary or capricious.

### C. Reliance's Counterclaim for Overpayment

Reliance has asserted a counterclaim against Plaintiff for overpayment, seeking reimbursement from Plaintiff for the months in which he received SSDI disability payments and N.H. was eligible for SSDI dependent benefits but Plaintiff's LTD payments were not reduced to reflect this other income. Such a claim is permitted by the terms of the LTD policy, which states: "If we have overpaid the Monthly Benefit for any reason, the overpayment must be repaid to us. At our option, we may reduce the Monthly Benefit or ask for a lump sum refund." (Doc. 14-1, p. 9.0). Based upon this language, Reliance seeks repayment from the Plaintiff in the amount of $16,767.34. Plaintiff does not challenge Reliance's contractual right to repayment, instead taking issue with Reliance's

repayment calculations.

Plaintiff questions the requested repayment only to the extent that it relates to the months of December of 2007 and January of 2008. Plaintiff asserts that he received checks from Reliance in December of 2007 and January of 2008 for the months of November and December of 2007, respectively, and that these benefit periods should not be included in the total repayment amount because Plaintiff did not begin receiving SSDI benefits until January of 2008 and was thus not receiving other deductible income during November or December of 2007.

A review of the record, however, demonstrates that Reliance's calculations do not include a deduction improperly taken during November or December of 2007. Instead, Reliance simply prorated the deduction for the December 16, 2007 through January 16, 2008 period, seeking repayment for deductible SSDI income beginning on January 1, 2008, when Plaintiff concedes that SSDI benefits began. Plaintiff does not challenge Reliance's explanation and presents no evidence to the contrary, instead arguing only that "he strongly feels that something is wrong or, at a minimum, has not been adequately explained to him." (Doc. 24, p. 12). This entirely unsubstantiated speculation, especially in the face of record evidence and a reasonable explanation to the contrary, is insufficient to sustain the Plaintiff's burden at this juncture. *See Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d

Cir. 2005) ("To survive summary judgment, a party must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue."). Accordingly, because the record evidence supports Reliance's calculation and overpayment determination, the Court will grant summary judgment in Reliance's favor on the overpayment counterclaim.

## V.    CONCLUSION

For all of the reasons stated herein, the Court will grant Reliance's Motion (doc. 16) and deny the Plaintiff's Motion (doc. 13). An appropriate order shall issue.